IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HILDA M. STROUD, individually and as    :
Administratrix of the Estate of         :
Donald Ray Stroud,                      :          Civ. No. 4:CV-05-2522
                                        :
          Plaintiff                     :
                                        :
          v.                            :          (Judge Jones)
                                        :
OHIO NATIONAL FINANCIAL                 :          (Magistrate Judge Blewitt)
SERVICES and OHIO NATIONAL              :
LIFE INSURANCE COMPANY,                 :
                                        :
          Defendants                    :

October 4, 2006

MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This action, originally filed in the Court of Common Plea of Bradford

County, was removed to this Court pursuant to 28 U.S.C. § 1441 on December 6,

2005.  (Rec. Doc. 1).  The Plaintiff Hilda M. Stroud ("Plaintiff") initiated this

action in an individual capacity and as the Administratrix of the Estate of Donald

Ray Stroud ("decedent"), claiming that the Defendants Ohio Financial Services

and Ohio National Life Insurance Company (collectively "Defendants") breached

a life insurance contract issued to the decedent.  This action was referred to

1

Magistrate Judge Blewitt for preliminary review.

On December 13, 2005, the Defendants filed an answer to the complaint with affirmative defenses. (Rec. Doc. 3). Thereafter, on June 22, 2006, the Defendants jointly filed a Motion for Judgment on the Pleadings (doc. 8), claiming that Plaintiff's decedent allowed his life insurance policy to lapse before his death. Concurrently with the filing of the Motion, the Defendants filed an attached supporting brief. As noted by Magistrate Judge Blewitt, the Defendants failed to attach a Certificate of Concurrence/Non-concurrence to the Motion, in violation of Local Rule 7.1.[1]

The time period within which Plaintiff was required to file an opposing brief to the Motion lapsed without a filing by the Plaintiff of either a brief or request for extension of time to file her brief. Neither parties' counsel advised the Court whether the Plaintiff opposed the Motion. In the interests of justice, Magistrate Judge Blewitt issued a *sua sponte* Order on July 14, 2006 granting Plaintiff leave until July 28, 2006 to file a brief in opposition to the Motion. (Rec. Doc. 19). The Order forewarned Plaintiff that failure to file an opposing brief within the extended period would result in a recommendation from the Magistrate

---

[1] We join in Magistrate Judge Blewitt's admonishment to Defendants to comply with the Local Rules of this Court in the future. Had Defendants attached the required Certificate, both the Magistrate Judge's and this Court's time would likely have been saved.

Judge that the Motion be granted.  To date, Plaintiff has not filed a brief in opposition to the Motion as required by the Local Rules and the July 14, 2006 Order.  In an abundance of caution, prior to the issuance of the report, Magistrate Judge Blewitt scheduled a telephone conference for August 21, 2006 to determine the status of the Motion.  (Rec. Doc. 11).  During the conference, Plaintiff's counsel advised that Plaintiff did not oppose the Motion, and Plaintiff was not going to respond to the Motion.

On August 24, 2006, Magistrate Judge Blewitt issued a Report and Recommendation (doc. 13), recommending that this Court grant the Defendant's Motion for Judgment on the Pleadings, based upon the merits of the Motion and Plaintiff's failure to oppose the Motion.  Objections to the Magistrate Judge's report were due by September 11, 2006.  To date, no objections have been filed. This matter is therefore ripe for our review.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-150 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874,

878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION**:

Our review of this case obviously confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, as Magistrate Judge Blewitt thoroughly catalogues in the Report and Recommendation, the Plaintiff has failed to oppose the Motion at every given turn. Second, Magistrate Judge Blewitt notes that there are not disputed material facts as to whether Plaintiff's decedent allowed his life insurance policy with Ohio National to lapse prior to his death: the decedent decidedly let the policy lapse by virtue of non-payment of premiums.  The decedent, as provided for by the policy, applied for reinstatement, and while the reinstatement was pending, the decedent died in a motor vehicle accident.  As Magistrate Judge Blewitt states, the policy provided that reinstatement is not effective until the application is approved by Ohio National, and there are no factual dispute that the application had not been approved at the time of the decedent's death.  As Magistrate Judge Blewitt correctly surmises, Ohio National is not contractually obligated to provide life

4

insurance coverage to Plaintiff's decedent because the policy had lapsed and the decedent's application for reinstatement had not been approved. While this panoply is unquestionably tragic for Plaintiff, there is no legal basis for us to afford her the relief she seeks in her complaint.

Our review of this case obviously confirms Magistrate Judge Blewitt's determinations. Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Report and Recommendation (doc. 13) is ADOPTED in its entirety.

2.     Defendants' Motion for Judgment on the Pleadings (doc. 8) is GRANTED.

3.     Judgment is entered in favor of the Defendants.

4.     The Clerk is directed to close the file on this case.


John E. Jones III
United States District Judge

5